JAMES B. EDWARDS, plaintiff in error, vs. NEILL McKINNON, defendant in error.

A witness is competent to testify, who has no certain interest in the event of the suit, and where the judgment in the case cannot be given in evidence, either for or against him, in a subsequent suit against himself.

Certiorari, from Thomas county. Decided by Judge LOVE, December Term, 1857.

An action was brought in a Justice's Court by Neill McKinnon, against James B. Edwards, for $50, for hauling a steam engine, boiler and fixtures, for a steam mill, from Newport to Thomasville.

Upon the trial, the plaintiff introduced as a witness, *Henry Cherry,* who testified, that between himself and James B Edwards there was an agreement that Edwards was to furnish the said Cherry an engine, for the purpose of starting a mill, and that the profits of the mill, after supporting his (Cherry's) family, and paying expenses, was to go to Edwards, to pay the purchase money and interest, and upon the payment of which, the title of the property was to be in Cherry. The engine was bought by Edwards, and shipped from New York to James B. Edwards, Newport, care of Daniel Ladd. He (witness) made several efforts to get a wagoner to haul said engine to Thomasville, and finally obtained the service of the plaintiff. The engine being subject to Mr. Edwards' order, at Newport, and not to his, (witness,') he (witness) got an order from the defendant for the delivery of the engine to the plaintiff, which was done, and the engine was hauled up to Thomasville, as was agreed upon by the parties. He (witness) tried to borrow money to pay for the hauling. After operating said machinery for a short time, some part of it broke, so that it became necessary for him (witness) to go to Newport to have it repaired, and having no money, Mr. Edwards furnished money for said repairs. After starting again, it was found that something more was necessary in the way of repairs; Edwards becoming dissatisfied, witness proposed that Edwards should sell the engine, which was afterwards done by Edwards, to C. G. Moore; witness told Edwards that the engine could not be sold until the freight was paid for the hauling.

The defendant objected to the admission of this evidence, on the ground that Cherry was an interested party. The Court overruled the objection and admitted the testimony.

*James Allen* testified, that Cherry applied to him to know where he could get a wagon to haul up his engine, and also where he could borrow $50 to pay for said hauling, and asked witness to loan him the money.

*C. G. Moore* testified, that he bought from James B. Ed-

wards the engine; Mr. McKinnon met witness in the street and asked him if he had bought the engine; witness replied that he had, and McKinnon told him that he had a claim on it for hauling the engine for Cherry, and that he had been to see Mr. Edwards to get paid, but Edwards would not pay it.

The jury found for the plaintiff, and the defendant carried the case by *certiorari* to the Superior Court.

After argument, the Court below dismissed the *certiorari*; and Edwards filed his bill of exceptions, alleging that the Court erred,

1st. In ruling that the said Henry M. Cherry was a competent witness; and

2d. In ruling that the evidence in the case was sufficient to authorize a judgment in the Justice's Court for the amount sued for.

SPENSER, for plaintiff in error.

HANSELL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Two questions are made in this case. 1st. Was Henry Cherry a competent witness? 2d. Was the evidence sufficient to justify the verdict.

[1.] We concur with the Court below that Cherry was a competent witness. A judgment in this case would be no bar in a subsequent suit, at the instance of McKinnon against Cherry.

In the case of *Nesbit vs. Lawson,* 1 *Kelly,* 275, relied on to exclude Cherry, the point was different. Lawson sued Nesbit, as his attorney, for having collected money on a promissory note. Grimes, the debtor, was introduced to prove that he had paid the money to Nesbit. If a judgment had been fixed on Nesbit, by the testimony of Grimes, the right of action against Grimes would have been lost, whether the

money was collected or not.   For the record would show, (and the plaintiff would be bound by it,) that the plaintiff's attorney had already collected the money of the debtor.   The interest of Grimes, therefore, was direct and immediate.   Not so here; for as we have already said, a judgment against Edwards would not relieve Cherry, unless the money was collected.   And even it would not necessarily discharge Cherry from a liability to refund to Edwards.   Both of them might be liable to McKinnon, as in the case of principal and agent, where the agency is not disclosed.

[2.] Taking the testimony of Cherry as competent, ought there to have  been a recovery against Edwards ?   Through kindness to Cherry, for no other motive can be inferred from the transaction, Edwards agrees to  purchase for Cherry an engine to start a mill; and to allow Cherry to reimburse him when he  is able to do so, after first deducting the expenses of keeping up the  establishment, and  supporting  his family. This is no partnership, as has been suggested by the distinguished counsel in behalf of the defendant in error.

The engine is bought  by  Mr.  Edwards  and  shipped to Newport.  The agent of Mr. Edwards at  Newport  refuses to deliver it to Cherry but upon the order of Edwards. This is obtained by Mr. Cherry, and  the engine  is delivered to McKinnon, a wagoner, and the plaintiff in  the action below, who agrees with Cherry to haul it to  Thomasville for fifty dollars.   The mill, from some cause  or other not distinctly disclosed in the proof, failing to realize the expectation of the parties, is re-sold, by the consent it would seem of Cherry, by Edwards to Moore.   And  McKinnon, between  whom and Edwards there was no contract, express or implied, seeks to hold Edwards liable for the hauling, and so the jury find.

We do not see upon what  principle this verdict can be sustained.   Edwards never employed McKinnon to do this job.   He was under no obligation, legal or moral, to have the engine transported from Newport to Thomasville.  Cherry was not his agent for this purpose, so far as the testimo-

ny shows.    The work was undertaken and performed  upon the sole employment of Cherry.  Our conclusion, therefore, is that the finding in the Justice's Court  was not only contrary to the proof, but *without any* evidence to  support it.   And consequently, that  instead  of  dismissing  the *certiorari*, it should have been sustained, and  a   re-hearing  awarded  on that ground.

Judgment reversed.